James D. Holman, Esq., ISB #2547
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CAROL SHERMAN, | Case No.: 4:11-cv- |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| IDAHO TROUT PROCESSORS COMPANY dba IDAHO TROUT COMPANY, | |
| Defendant. | |

Plaintiff Carol Sherman for a cause of action against Defendant Idaho Trout Processors Company dba Idaho Trout Company hereby states and alleges as follows:

1. This is a claim under the Americans with Disabilities Act of 1990.

2. Plaintiff Carol Sherman is a resident of Filer, Idaho.

3. Defendant Idaho Trout Processors Company dba Idaho Trout Company is a corporation established and doing business within the state of Idaho.

4. This court has jurisdiction of this claim pursuant to 28 U.S.C. § 1331, which is authorized and instituted pursuant to 42 U.S.C. § 12117(a).

5. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5).

6. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8) and 42 U.S.C. § 12112(a). Plaintiff is and at all material times was a disabled person in that she suffers from arthritic knees which affect major life activities.

7. Plaintiff has exhausted her administrative remedies before the United States Equal Employment Opportunity Commission. On April 28, 2011 the United States Equal Employment Opportunity Commission issued to plaintiff a Notice of Right to Sue.

8. On October 17, 1990 plaintiff began employment with defendant at defendant's Filer plant. Plaintiff's primary job duty was that of a fish boner.

9. At all relevant times plaintiff was able to perform the essential functions and requirements of her employment.

10. On or about March 11, 2011 defendant terminated plaintiff from employment.

11. Approximately two weeks prior to the termination date, plaintiff's direct supervisor, Marie Kersey, commented on plaintiff's knees, said that her knees were becoming an issue, and asked what plaintiff intended to do.

12. Plaintiff requested reasonable accommodation for her impairment. Marie Kersey refused to enter into the interactive process and discuss reasonable accommodation with plaintiff. When plaintiff requested a specific accommodation, Marie Kersey refused the requested accommodation.

13. On or about March 11, 2011 Harold Johnson terminated plaintiff from employment, telling plaintiff that Idaho Trout Processors Company was letting her go because of her knees. Plaintiff again requested a reasonable accommodation but defendant refused to discuss accommodation with her.

14. Plaintiff was qualified for her position of employment with defendant and was able to and did perform the essential functions of such employment within acceptable limits.

15. That as a direct result of defendant's discriminatory conduct, plaintiff has suffered a loss of earnings and benefits. Plaintiff is entitled to back pay and benefits from the date of termination to the date of trial in an amount to be proven at trial. Further, reinstatement is not an option. As an equitable remedy in lieu of reinstatement, Plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

16. Plaintiff is entitled to a permanent injunction enjoining defendant, its owners, officers, management personnel, employees and all persons in active concert or participation with defendant from engaging in any employment practice which discriminates on the basis of disability.

17. As a further result of defendant's intentional acts alleged herein, plaintiff suffered emotional distress for which plaintiff should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

18. Defendant's acts were done intentionally with an improper discriminatory motive and with reckless indifference to plaintiff's federally protected rights. Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

19. Plaintiff is entitled to an award of pre-judgment interest on all amounts awarded to plaintiff on account of defendant's discrimination.

20. Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 12205 or other applicable statute or court rule.

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over plaintiff's cause of action set forth herein.

2. Grant a permanent injunction enjoining defendant from engaging in any employment practice which discriminates on the basis of disability.

3. Order defendant to make plaintiff whole by providing compensation for non pecuniary losses, including physical and emotional pain and suffering, in amounts as are determined at trial.

4. Order defendant to pay plaintiff punitive damages in an amount to be determined at trial.

5. Award to plaintiff damages for lost income and benefits as back pay from date of termination to date of trial, in an amount to be proven at trial.

6. Award plaintiff front pay as an equitable remedy in lieu of reinstatement in an amount to be proven at trial.

7. Award plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 12205.

8. Order defendant to pay prejudgment and post judgment interest on all amounts due to plaintiff as a result of this action.

9. Order such further or alternative relief in favor of plaintiff as the court deems appropriate.


DATED this 3 day of May, 2011.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
James D. Holman, Esq.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury in this matter.

DATED this 3 day of May, 2011.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
James D. Holman, Esq.